IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> GRAHAME RHODES, <br><br> Defendant. | Case No. 4:12 CV 01697-HEA <br><br> ORDER ENTERING DEFAULT JUDGMENT |

**THIS CAUSE COMING BEFORE THE COURT** for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), and upon the application of the Plaintiff for entry of default judgment against Defendant Grahame Rhodes ("Rhodes").

**IT APPEARS** that the named Defendant Grahame Rhodes is in default for failing to plead or otherwise defend this action as required by law. Therefore, **default judgment is hereby entered against Defendant Grahame Rhodes.** This Order includes the following findings and relief:

(a) a finding that Rhodes violated Section 4*o*(1)(A) and (B) of the Act, 7 U.S.C. § 6*o*(1)(A) and (B) (2006); Section 4m(1) of the Act, as amended, 7 U.S.C. § 6m(1) (2006); and Regulation 4.20(c), 17 C.F.R. § 4.20(c) (2012);

(b) a permanent injunction prohibiting Rhodes and any other person or entity associated with him from engaging in conduct in violation of Section 4*o*(1)(A) and (B) of the Act, 7 U.S.C. § 6*o*(1)(A) and (B) (2006); Section 4m(1)

of the Act, 7 U.S.C. § 6m(1) (2006); and Regulation 4.20(c), 17 C.F.R. § 4.20(c) (2012);

(c)     a permanent injunction prohibiting Rhodes and any other person or entity associated with them, from directly or indirectly:

1. trading on or subject to the rules of any registered entity, as that term is defined in Section 1a of the Act, as amended, 7 U.S.C. § 1a (2006 & Supp. V 2011);

2. entering into any transactions involving commodity futures, swaps, options on commodity futures, commodity options (as that term is defined in Regulations 1.3(hh) and 32.1(b)(1), 17 C.F.R. §§ 1.3(hh) and 32.1(b)(1) (2012)) ("commodity option"), security futures products, and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended, 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) (2006 & Supp. IV 2011) ("forex contracts"), for their own personal or proprietary account or for any account in which they have a direct or indirect interest;

3. having any commodity futures, swaps, options on commodity futures, commodity options, security futures products, and/or forex contracts traded on their behalf;

4. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, swaps, options on commodity futures, commodity options, security futures products, and/or forex contracts;

5. soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, swaps, options on commodity futures, commodity options, security futures products, forex contracts, and/or retail commodity transactions;

6. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2012); and

7. acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2012)), agent, or any other officer or employee of any person registered, exempted from registration, or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2012);

(d) an order directing Rhodes, as well as any of his successors, to disgorge, pursuant to such procedure as the Court may order, all benefits received from the acts and practices which constitute violations of the Act and Regulations, as described herein, plus post-judgment interest;

(e) an order requiring Rhodes, as well as any of his successors, to make full restitution, pursuant to such procedure as the Court may order, to every pool participant or other person or entity whose funds were received or utilized by him in violation of the provisions of the Act and/or Regulations, as described herein, totaling $1,037,854, plus post-judgment interest;

(f) an order directing Rhodes, as well as any of his successors, to rescind, pursuant to such procedures as the Court may order, all contracts and agreements, whether implied or express, entered into between him and any of the pool participants whose funds were received by Rhodes as a result of the acts and practices which constitute violations of the Act and/or Regulations, as described herein;

(g) an order directing Rhodes, as well as any of his successors, to pay civil monetary penalties of $2,777,562, plus post-judgment interest;

(h) an order directing Rhodes, as well as any of his successors, to pay costs and fees as permitted by 28 U.S.C. §§ 1920 and 2412(a)(2) (2006); and

(i) such other and further relief as this Court may deem necessary and appropriate under the circumstances.

Dated: 11-9-12

*[signature]*
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

4