IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | Case No. 4:12 CV 01697-HEA |
| Plaintiff, | ) ) ) | [PROPOSED] ORDER REOPENING CASE AND |
| v. | ) ) | ESTABLISHING PROCEDURES RELATING TO DEFENDANT'S |
| GRAHAME RHODES, | ) ) | OBLIGATIONS |
| Defendant. | ) ) | |

**THIS CAUSE COMING BEFORE THE COURT** for the case to be reopened and to establish procedures relating to Defendant's obligations as required by the Court's Order Entering Default Judgment. Because these procedures are necessary to give full effect to the Court's Order Entering Default Judgment, to provide an apparatus to monitor Defendant's compliance with the Court's Order Entering Default Judgment, and to assure that the victims of his fraud have recourse should he fail to pay his monetary sanctions, **this case is reopened and the following procedures are ordered:**

**Defendant's Restitution Obligation**

a) Defendant, as well as any of his successors, has been ordered by this Court to make full restitution to every pool participant or other person or entity whose funds were received or utilized by him in violation of the provisions of the Act and/or Regulations, in the amount of $1,037,854, plus post-judgment interest ("Restitution Obligation"). Defendant is ordered to pay the Restitution Obligation within thirty (30) days of the date of this Order. If the Restitution Obligation is not paid in full within thirty (30) days of the date of entry of this

Order, then post-judgment interest shall accrue on the Restitution Obligation beginning on the date of entry of default judgment, November 9, 2012, and shall be determined by using the Treasury Bill rate prevailing on the date of entry of default judgment pursuant to 28 U.S.C. § 1961.

b) The National Futures Association ("NFA") is appointed as Monitor to effect payment by Defendant and distribution of restitution. The Monitor shall not be liable for any action or inaction arising from its appointment as Monitor, other than actions involving fraud. The Monitor shall collect restitution payments from Defendant and make distributions as set forth below:

   i. The Monitor will oversee Defendant's Restitution Obligation and shall have the discretion to determine the manner of distribution of funds in an equitable fashion to Defendant's pool participants.

   ii. Defendant shall make Restitution Obligation payments to the Monitor in the name "Rhodes Restitution Fund" and shall send such Restitution Obligation payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606, under cover letter that identifies the paying Defendant and the name and docket number of this proceeding. Defendant shall simultaneously transmit copies of the cover letter and the form of payment to: (a) the Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW,

        Washington, D.C. 20581; and (b) the Chief, Office of Cooperative Enforcement, Division of Enforcement, at the same address.

   iii.  The Monitor shall oversee the Restitution Obligation and have the discretion to determine the manner of distribution of such funds in an equitable fashion to Defendant's customers identified by the Commission or may defer distribution until such time as the Monitor deems appropriate.

   iv.  In the event that the amount of Restitution Obligation payments to the Monitor are of a *de minimis* nature such that the Monitor determines that the administrative costs of the making of a distribution to eligible customers is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary penalty payments, which the Monitor shall forward to the Commission following instructions for civil monetary penalty payments set forth below.

c)  Defendant shall cooperate with the Monitor as appropriate to provide such information as the Monitor deems necessary and appropriate to identify Defendant's customers to whom the Monitor, in its sole discretion, may determine to include in any plan for distribution of any Restitution Obligation payments.

d)  Defendant shall execute any documents necessary to release funds that he has in any repository, bank, investment or other financial institution, wherever located, in order to make partial or total payment toward Restitution Obligation.

e)  Further, the amounts payable to each customer shall not limit the ability of any customer from proving that a greater amount is owed from Defendant or any other

person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any customer that exist under state or common law.

f) Pursuant to Rule 71 of the Federal Rules of Civil Procedure, each customer of Defendant who suffered a loss is explicitly made an intended third-party beneficiary of this supplemental order and may seek to enforce obedience of this order to obtain satisfaction of any portion of the Restitution Obligation that has not been paid by Defendant to ensure continued compliance with any provision of this Order and to hold Defendant in contempt for any violation of any provision of this Order. To the extent that any funds accrue to the U.S. Treasury as a result of Defendant's Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth above.

g) The Monitor shall provide the Commission at the beginning of each calendar year with a report detailing the disbursement of funds to Rhodes' customers during the previous year. The Monitor shall transmit this report under a cover letter that identifies the name and docket number of this proceeding to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

h) To the extent that any funds accrue to the U.S. Treasury for satisfaction of Defendant's Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth above.

### Defendant's Disgorgement Obligation

i) Defendant is ordered to pay the disgorgement in the amount of $925,854 ("Disgorgement Obligation") within thirty (30) days of the date of entry of this Order. If the Disgorgement Obligation is not paid in full within thirty (30) days of the date of entry of this Order, then post-judgment interest shall accrue on the Disgorgement Obligation beginning on the date of entry of default judgment, November 9, 2012, and shall be determined by using the Treasury Bill rate prevailing on the date of entry of default judgment pursuant to 28 U.S.C. § 1961.

j) Defendant shall pay his Disgorgement Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order in the following manner:

   i. If payment is to be made other than by electronic fund transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

   Commodity Futures Trading Commission
   Division of Enforcement
   Attn: Accounts Receivable – AMZ-340
   E-mail Box: 9-AMC-AMZ-AR-CFTC
   DOT/FAA/MMAC
   6500 S. MacArthur Blvd.
   Oklahoma City, Oklahoma 73169
   Telephone: 405-954-5644

   ii. If payment is to be made by electronic funds transfer, Defendant shall contact Linda Zurhorst or her successor at the above address to receive payment instructions and shall fully comply with those instructions. Defendant shall accompany payment of the Disgorgement Obligation with a cover letter that identifies Defendant and the name and docket

5

number of this proceeding. Defendant shall simultaneously transmit copies of the cover letter and the form of payment to the Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581, and the Chief, Office of Cooperative Enforcement, at the same address.

### Defendant's Civil Monetary Penalty Obligation

k) Defendant, as well as any of his successors, has been ordered by this Court to pay civil monetary penalties in the amount of $2,777,562, plus post-judgment interest ("CMP Obligation"). Defendant shall pay the CMP Obligation within thirty (30) days of the date of the issuance of this Order. If Defendant does not pay his CMP Obligation in full within thirty (30) days of the date of this Order then post-judgment interest shall accrue on his CMP Obligation beginning on the date of entry of default judgment, November 9, 2012, and shall be determined by using the Treasury Bill rate prevailing on the date of entry of default judgment pursuant to 28 U.S.C. § 1961.

l) Defendant shall pay his CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order in the following manner:

    i. If payment is to be made other than by electronic funds transfer, the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

        Commodity Futures Trading Commission
        Division of Enforcement

        Attn: Accounts Receivable – AMZ-340
        E-mail Box: 9-AMC-AMZ-AR-CFTC
        DOT/FAA/MMAC
        6500 S. MacArthur Blvd.
        Oklahoma City, Oklahoma 73169
        Telephone: 405-954-5644

    ii. If payment is to be made by electronic funds transfer, Defendant shall contact Linda Zurhorst or her successor at the above address to receive payment instructions and shall fully comply with those instructions. Defendant shall accompany payment of the penalty with a cover letter that identifies Defendant and the name and docket number of this proceeding. Defendant shall simultaneously transmit copies of the cover letter and the form of payment to the Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581, and the Chief, Office of Cooperative Enforcement, at the same address.

### Provision Related to Partial Payment Monetary Sanctions

m)     Any acceptance by the Commission or the Monitor of partial payment of Defendant's Restitution Obligation, Disgorgement Obligation, or CMP Obligation shall not be a deemed a waiver of his obligation to make further payments pursuant to the Default Judgment Order or this Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

Dated: 12-20-12

Henry Edward Autrey
UNITED STATES DISTRICT COURT JUDGE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION